FILED 3 FEB'22 10:58USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON TODD MOGLER | CASE No.    3:22-cv-00191-AC |
| PLAINTIFF, | HON. |
| -V- | |
| DEWAYNE HENDRIX, WARDEN. | |
| FCI SHERIDAN | COMPLAINT WITH JURY DEMAND |
| MICHAEL CARVAJAL, DIRECTOR, | |
| FEDERAL BUREAU OF PRISONS | |
| ANDREW GRASLEY M.D. ICD | |
| AT FCI SHERIDAN | |
| DEFENDANTS. | |

## INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY JASON TODD MOGLER, A FEDERAL PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983, DELIBERATE INDIFFERENCE AND DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§ 1331(1) AND 1343.

## PARTIES

2. THE PLAINTIFF, JASON TODD MOGLER, IS INCARCERATED AT FEDERAL CORRECTIONAL INSTITUTION - SHERIDAN ("SHERIDAN") DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

3. DEFENDANT DEWAYNE HENDRIX, WARDEN OF FCI SHERIDAN AND IS CHARGED WITH THE ADMINISTRATION, SUPERVISION AND DISCIPLINE OF ALL STAFF AT SHERIDAN. HE IS SUED IN HIS OFFICIAL CAPACITIES.

4. DEFENDANT MICHAEL CARVAJAL IS THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS AND IS CHARGED WITH TOTAL OPERATIONS AND ALL STAFF, CONTRACT OR DIRECT, FOR THE ENTIRE BUREAU OF PRISONS ("B.O.P"). HE IS SUED IN HIS OFFICIAL CAPACITIES.

5. DEFENDANT ANDREW GRASLEY M.D./CD IS IN CHARGE OF THE MEDICAL CENTER AT FCI SHERIDAN. AND CHARGED WITH ITS TOTAL OPERATIONS AND ALL STAFF, CONTRACT OR DIRECT AND FOR INDIVIDUAL CARE OF THE INMATE POPULATION AT FCI SHERIDAN. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

6. ALL THE DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF FEDERAL LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS

7. ON OR ABOUT FEBRUARY 28, 2018 SALVADOR VILLALON, M.D. A MEDICAL DOCTOR AT FCI VICTORVILLE WAS INFORMED THAT THE PLAINTIFF SUFFERED FROM SLEEP APNEA. PLAINTIFF WAS INSTRUCTED BY VILLALON THAT A CPAP MACHINE HAD BEEN ORDERED, AND WOULD ARRIVE IN A FEW WEEKS.

8. ON OR ABOUT APRIL 2018 PLAINTIFF WAS TRANSFERED TO FCI SHERIDAN AND PLAINTIFF MADE MEDICAL STAFF AWARE OF NEED FOR A C.PAP MACHINE, A MEDICAL DEVICE THAT PROVIDES OXYGEN TO THE PLAINTIFF WHILE SLEEPING. MEDICAL STAFF CONFIRMED THAT IT WAS ORDERED, AND PLAINTIFF SHOULD BE PATIENT.

9) As of the date of this motion the medical at FCI Sheridan has received numerous emails, cop-outs and personal requests to provide the necessary medical equipment, it has been four years that Mr. Mogler has been ignored medical help as requested.

## Denial of Medical Care

10) The medical staff under the supervision of Grasley, M.D. has been denied medical equipment, that could be the difference of life or death, Mr. Mogler has respectfully, patiently requested help with no answer. Mr. Mogler only turns to the court after four (4) years of what could be equated as begging for medical care.

11) After several years, the plaintiff has received no response from the medical department. The staff is supervised by the warden and the warden by the director, making them administratively liabiable.

## Exhaustion of Administrative Remedies

12) The plaintiff has exhausted his administrative remedies with respects to all claims. The plaintiff has been ignored by medical and his numerous requests for relief, by himself and at one point counsel.

Claims For Relief

13) The in-actions of the medical staff with the knowledge (documented) of the plaintiff's medical need is deliberate indifference on the part of the defendants

14) The plaintiff has been unable to sleep and wakes up in the middle of the gasping for air, choking, the denial of needed medical equipment with the knowledge of the problem is not only diliborate indifference but constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

Relief Requested

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declatory judgement stating that:

1. The medical care constitutes deliborate indifference and that the in-actions also establish cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

2. The neglect that caused pain and suffering for nearly four years, was a result of medical malpractice on the part of Dr. Grasley.

B. Award compensatory damages jointly and severally against:

1. Defendants Dewayne Hendrix, Michael Carvajal and Dr. Andrew Grasley at FCI Sheridan.

2. Defendant Andrew Grasley, M.D. for medical neglect resulting in diliborate indifference and violating the plaintiff's fourteenth Amendment, constituting cruel and unusual punishment.

C. ISSUE AN INJUNCTION ORDERING WARDEN HENDRIX TO:

    1) DIRECT Dr. GRASLEY TO ORDER AN INDEPENDENT SLEEP STUDY FOR THE PLAINTIFF AND PROVIDE THE NEEDED CARE BY AN INDEPENDENT PROVIDER AT THE EXPENSE OF THE PRISON.

    2) DIRECT WARDEN HENDRIX TO RECOMMEND A REDUCTION OF SENTENCE BASED ON THE DELIBERATE INDIFFERENCE; RECOMMENDING DAY FOR DAY OF THE NEGLECT.

D. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

    1) $5.00 FOR EACH DAY OF NEGLECT AGAINST ALL DEFENDANTS, EXCEPT Dr. GRASLEY.

    2) $2800.00 FOR EACH DAY OF NEGLECT AGAINST Dr. GRASLEY.

E. GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.


## THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

IN DECIDING WHETHER TO APPOINT COUNSEL FOR AN INDIGENT LITIGANT, THE COURT SHOULD CONSIDER "THE FACTUAL COMPLEXITY OF THE CASE, THE ABILITY OF THE INDIGENT TO INVESTIGATE FACTS, THE EXISTENCE OF CONFLICTING TESTIMONY, THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM, AND THE COMPLEXITY OF THE LEGAL ISSUES." Abdullah v. GUTNER, 949 F.2d 1032, 1035 (8th Cir. 1991)

    1. FACTUAL COMPLEXITY. THE PLAINTIFF'S CLAIM INVOLVES THE DENIAL OF MEDICAL CARE; IT WILL BE NECESSARY TO PRESENT MEDICAL EXPERT WITNESS OR TO CROSS-EXAMINE MEDICAL WITNESSES CALLED BY DEFENDANTS, OR BOTH.

    2. THE PLAINTIFF'S ABILITY TO INVESTIGATE. THE PLAINTIFF IS IN QUARTINE 23 HOURS A DAY AND HAS ZERO LEGAL ACCESS TO THE LAW LIBRARY TO CONDUCT RESEARCH.

3. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. THE PLAINTIFF IS AN INDIGENT PRISONER WITH NO LEGAL TRAINING, A FACTOR THAT SUPPORTS THE APPOINTMENT OF COUNSEL. IN ADDITION, AS MENTIONED, PLAINTIFF IS CONFINED TO A CELL WITH VERY (ZERO) LIMITED ACCESS TO LEGAL MATERIALS.

4. LEGAL COMPLEXITY. THE PLAINTIFF HAS ASKED FOR A JURY TRIAL, WHICH REQUIRES MUCH GREATER LEGAL SKILL THAN THE PLAINTIFF HAS OR CAN DEVELOP SEE. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008)

5. THE CASE HAS MERIT, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION.

## Conclusion

FOR THE REASONS FOREGOING, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL. IN THIS CASE.

X _____ 1/31/2022

Jason Todd Magler

Reg No. 48471-408

FCI SHERIDAN

P.O. Box 5000

SHERIDAN, OR

97378-5000

PAGE 6 OF 6